United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50305
Summary Calendar

_____

VICTOR BUSTOS, SR.,

                                   Plaintiff-Appellant,

versus

CITY OF EL PASO TEXAS; EL PASO POLICE DEPARTMENT, Narcotics
Division; CESAR DIAZ, Narcotics Detective; JOHN MASIAS,
Narcotics Detective; RUBEN TREJO, Narcotics Detective; JAIME
ESPARZA, District Attorney; HOLLY LYTLE, Assistant District
Attorney,

                                   Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-04-CV-3-PRM
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Victor Bustos, Sr., Texas prisoner #1018856, seeks to

proceed in forma pauperis ("IFP") to appeal the dismissal of his

42 U.S.C. § 1983 complaint for failure to state a claim.  Bustos

alleged, inter alia, that El Paso Narcotics Division Detective

Ruben Trejo initiated a traffic stop of his van on the orders of

Detective Cesar Diaz, despite lack of probable cause.  He also

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged that Detective John Masias made false statements in an affidavit regarding marijuana that was found in his van during the stop.

By moving to proceed IFP, Bustos is challenging the district court's certification that his appeal was not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).  Our review of the record indicates that Bustos's allegations state a claim under the Fourth Amendment.  See e.g., Estep v. Dallas County, Texas, 310 F.3d 353, 356 & n.1 (5th Cir. 2002).  Whether the facts ultimately will prove a Fourth Amendment claim is not a question to be answered at this stage of the proceedings.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, the motion to proceed IFP is GRANTED.  The district court's dismissal of Bustos's claims against the El Paso Police Department Narcotics Division and the City of El Paso, and its dismissal of any claims against district attorneys Esparza and Lytle, are affirmed.  As to Bustos's claim that his Fourth Amendment rights were violated when Detectives Trejo and Diaz conducted a traffic stop without probable cause, the judgment and certification decision are VACATED, and the case is REMANDED for further proceedings.

IFP GRANTED; AFFIRMED IN PART, VACATED AND REMANDED IN PART.